THE STATE OF OHIO, APPELLANT, *v.* KARR, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* STEVENSON, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* MITCHELL, APPELLEE.

(No. 75-161—Decided December 24, 1975.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Alan C. Travis*, for appellant.

*Mr. James V. Rose, Mr. Donald B. Ruben* and *Mr. Jim D. Fox*, for appellees.

*Per Curiam.* Defendants allege that these searches were illegal. The argument is that the warrants were issued without probable cause and, specifically, that the affidavits in the warrants failed to provide an adequate factual basis for the judges' findings of probable cause.

In each case, the affiant was a police officer, and in each case the warrant was issued on the basis of information received from an unnamed confidential informant. In *State* v *Karr*, the affidavit stated that: "Information received from a reliable informant, who has given reliable and factual information in the past which has led to several arrests, states that he/she has seen large quantities of miscellaneous amphetamines and barbiturates inside the above address in the past 48 hours * * *."

In *State* v. *Stevenson* and *State* v. *Mitchell*, the affidavit stated that: "Information received from a reliable informant, who has given truthful and factual information in the recent past, states to the affiant that he/she had seen hallucinogens at this address within the past 48 hours."

The sole issue presented is whether the affidavits for the two warrants were sufficient for findings that probable cause to search existed.*

Affidavits for search warrants are governed by less stringent rules than those dealing with the admissibility of evidence in a criminal trial, and an affidavit is not rendered deficient because it is based on hearsay statements of an unnamed informant "so long as a substantial basis for crediting the hearsay is presented." *Jones* v. *United States* (1960), 362 U. S. 257, 269. In order for the magistrate to find a "substantial basis" for crediting such hear-

---

*The affiant in *State* v. *Karr* also requested that the search be executed in the nighttime "because of the high mobility and the amount of traffic in and out of the premises." Crim. R. 41(C) provides that the issuing court may authorize a nighttime warrant "for reasonable cause shown." The Court of Appeals dismissed defendant's contention that the nighttime warrant was improper, and that issue was not raised or argued before this court. The "cause" intended to be shown by the language of the affidavit is somewhat obscure, but the posture of this case provides no basis for adequate consideration of whether the nighttime warrant was properly granted, and we express no opinion thereon.

say, the affidavit must satisfy the two-pronged test set out in *Aguilar* v. *Texas* (1964), 378 U. S. 108, 114, as follows: "" * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * * was 'credible' or his information 'reliable.' " Crim. R. 41(C) sets out the same test.

If the informant's tip proves to be inadequate under the *Aguilar* standards, then other allegations in the affidavit should be considered to determine whether the tip is adequately corroborated. *Spinelli* v. *United States* (1969), 393 U. S. 410; *United States* v. *Harris* (1971), 403 U. S. 573.

To satisfy the first prong of the *Aguilar* test, the affidavit must show the factual basis for the confidant's information. A common and acceptable basis for the informant's information is his personal observation of the facts or events described to the affiant. *United States* v. *Harris, supra*; *Jones* v. *United States, supra*; *Rugendorf* v. *United States* (1964), 376 U. S. 528. These observations may be given added weight by the extent of the description or by corroborative police surveillance and information.

In each of the affidavits herein, the affiant stated that the informant saw the drugs within the past 48 hours. This averment was a sufficient factual basis to establish that the informant spoke with personal knowledge and was a sufficient showing of the underlying facts from which the informant concluded that the narcotics were where they were purported to be. *United States* v. *Perry* (C. A. 2, 1967), 380 F. 2d 356; *United States* v. *Shipstead* (C. A. 9, 1970), 433 F. 2d 368.

The second prong of the *Aguilar* test is that underlying facts must be presented from which the affiant could conclude that the informant was credible or his information reliable.

It is not sufficient that the affiant swear that his confidant was reliable, when no reason is offered the magistrate in support of that conclusion. *Spinelli* v. *United States*,

*supra,* at page 416. It is not essential that the affiant swear that the informant supplied reliable information in the past (*State* v. *Haynes* [1971], 25 Ohio St. 2d 264, 267 N. E. 2d 787; *Harris* v. *United States, supra*), but it is generally held that a statement that the informant has been reliable in the past is sufficient. *Jones* v. *Crouse* (C. A. 10, 1971), 447 F. 2d 1395, certiorari denied, 405 U. S. 1018; *United States* v. *Fuller* (C. A. 4, 1971), 441 F. 2d 755, certiorari denied, 404 U. S. 830; *United States* v. *Mendoza* (C. A. 5, 1970), 433 F. 2d 891, certiorari denied, 401 U. S. 943; *United States* v. *Bridges* (C. A. 8, 1969), 419 F. 2d 963; *United States* v. *Sultan* (C. A. 2, 1972), 463 F. 2d 1066 (dicta); but, see, *United States* v. *Thornton* (C. A. D. C. 1971), 454 F. 2d 957. The fact that an informant has provided reliable information in the past gives the magistrate a definite indication of credibility. It is, of course, strongly advisable that facts as to the number of past incidents, the manner of information provided, and the degree of accuracy of the informant be included in the affidavit, in order that the magistrate be fully informed of the grounds upon which a finding of probable cause must be based. A magistrate has discretion to require such information and "may examine under oath the affiant and any witnesses he may produce." Crim. R. 41(C). The affidavits herein lack much information which could have furnished a firmer basis for the magistrate's determination—information which might have been elicited by examination of the affiant or the informant. No such examination was made.

As a reviewing court we are guided by the language in *United States* v. *Ventresca* (1965), 380 U. S. 102, 108, as follows:

"* * * If the teachings of the court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place

in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See *Aguilar* v. *Texas, supra*. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. *Jones* v. *United States, supra*, at 270."

The affidavits in the instant cases, sparse though they may be, satisfy the test in *Aguilar*. No reason appears to read into Crim. R. 41(C) a stricter standard, and we cannot say that the magistrates failed to perform their detached and independent function. The preference to be accorded warrants requires that these be upheld.

The opinions of the Court of Appeals in these cases were apparently grounded in a misapprehension of three previous decisions of this court. In none of those cases did this court adopt a more stringent test for affidavits than that established in *Aguilar* and *Spinelli*. Indeed, in applying federal constitutional law, we could not have done so. *Oregon* v. *Hass* (March 19, 1975),      U. S.    , 43 L. Ed. 2d 570.

In *State* v. *Joseph* (1971), 25 Ohio St. 2d 95, 267 N. E. 2d 125, we held in a *per curiam* opinion that an affidavit

was insufficient which failed to set out any underlying facts from which it could be determined that the informants were credible or any of the facts upon which the informants based their conclusions. The affidavit was more detailed than those considered herein, but it failed to satisfy the *Aguilar* tests. In *State* v. *Brehm* (1971), 27 Ohio St. 2d 239, 272 N. E. 2d 122, the affidavit similarly failed to recite any facts from which a finding could be made that the informant was credible or his information reliable. It stated only that the informant had seen drugs used and sold at the address to be searched.

In *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, 267 N. E. 2d 787, an issue was presented as to whether there was anything in the affidavit to indicate the credibility of the informant or the reliability of his information. The named informant had not previously given reliable information, but had purchased marijuana on the premises and turned it over to police officers on three occasions. The informant had identified from photographs, one of the sellers, a man whom the police knew to have been engaged in narcotics violations. In finding reasonable grounds for the search, the court, at page 268, stated:

"Although the fact that the informant *has previously* supplied reliable information carries some weight, the determination of reliability or credibility can not be based solely upon that fact. To so hold would necessarily do away with informants since no one could ever qualify as a reliable informant the first time. In determining the reliability of the information, the magistrate must consider the facts presented to him, and if such facts would cause a reasonable man to believe there are grounds for believing that the contraband is on the premises sought to be searched, he is justified in believing in the reliability of the informant. It must be remembered that the probable cause necessary to justify the issuance of a search warrant requires less facts than are necessary for conviction, and the amount and method of proof is less strict. *Jones* v. *United States* (1960), 362 U. S. 257."

The plain meaning of that language is that when an

informant has not previously supplied reliable information, his credibility may be supported, or the reliability of his information corroborated, by other facts in the affidavit. It does not follow that previously supplied reliable information cannot be a sufficient basis for a magistrate to find reasonable cause that the informant is credible. For the reasons stated above, a recitation that an unnamed informant has previously supplied accurate information is sufficient to justify a finding that the informant is credible.

Accordingly, the judgments of the Court of Appeals are reversed.

*Judgments reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and P. BROWN, JJ., concur.

CELEBREZZE and W. BROWN, JJ., dissent.

HERBERT, J., concurring. As noted in the opinion above, the reversal by the Court of Appeals of these judgments resulted from a "misapprehension" by that court of three former decisions of this court, i. e., *Joseph, Haynes* and *Brehm.* The affidavit in *Joseph* is readily distinguishable from those at bar, and the opinion in *Haynes* pointedly declares that in determining the sufficiency of search warrant affidavits, courts should not be "hypertechnical." As noted in *Haynes*, the amount and method of proof necessary to support issuance of a search warrant is "less strict" and requires "less facts than are necessary for conviction."

The final case relied upon below is *Brehm*, and it is less than realistic to characterize reliance upon that decision as misapprehension. In my view, the affidavit in *Brehm* should not have been found defective, and my refusal to vote for the *Brehm* opinion came as a result of that belief.

CELEBREZZE, J., dissenting. Since the constitutional sufficiency for the issuance of the search warrants in these cases was based solely on the affidavits in support thereof, I am setting forth in their entirety these affidavits:

*State* v. *Karr.*

"Information received from a reliable informant, who

has given reliable and factual information in the past which has led to several arrests, states that *he/she* has seen large quantities of miscellaneous amphetamines and barbiturates inside the above address in the past 48 hours." (Emphasis added.)

The last sentence of the affidavit alleging "high mobility" as a reason for a nighttime search is eliminated since it is not an issue.

*State* v. *Stevenson* and *State* v. *Mitchell.*

"Information received from a reliable informant, who has given truthful and factual information in the recent past, states to the affiant that *he/she* had seen hallucinogens at this address within the past 48 hours." (Emphasis added.)

No other information was submitted to the issuing magistrate.

I agree with the majority when they say that affidavits for search warrants need not meet the tests for the admissibility of evidence and further that it is essential to the police in their exercise of ferreting out crime that they of necessity need to rely on hearsay as a major source of information. I further agree with my colleagues when they say that the "affidavits herein lack much information which could have furnished a firmer basis for the magistrate's determination * * *"; however, I question their resolution of the obvious doubt they express.

The much maligned rule in *Aguilar* v. *Texas* (1964), 378 U. S. 108, usually referred to as the "two-pronged test" is best contained in the single paragraph, at page 114, as follows:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed * * * was 'credible' or his information 'reliable' * * *."

It is in the application of the *Aguilar* standard that the probative value of these affidavits glaringly fails. For although the affiant swore that his confidant was "reliable," he offered the magistrate no reason in support of that conclusion.

As Justice Frankfurter succinctly stated in the case of *Jones* v. *United States* (1960), 362 U. S. 257, 269, a forerunner of *Aguilar*:

"* * * We held in *Nathanson* v. *United States*, 290 U. S. 41, that an affidavit does not establish probable cause which merely states the affiant's belief that there is a cause to search, without stating facts upon which that belief is based. *A fortiori* this is true of an affidavit which states only the belief of one not the affiant."

The majority cite further the case of *United States* v. *Ventresca* (1965), 380 U. S. 102. And while it is basically fallacious to measure the probity of an affidavit by its verbal content, it is more difficult to equate the affidavit in question here with that in the *Ventresca* case. Justice Goldberg, the author of the rule in the *Aguilar* case, writing for the majority in the *Ventresca* case stated, at page 109:

"* * * The affidavit in this case, if read in a commonsense way rather than technically, shows ample facts to establish probable cause * * *. The affidavit at issue here, unlike the affidavit held insufficient in *Aguilar*, is detailed and specific. It sets forth not merely 'some of the underlying circumstances' supporting the officer's belief, but a good many of them. This is apparent from the summary * * * and from its text which is reproduced in the Appendix." The Appendix contains a 4½ page reprint of the affidavit and the facts for its basis.

With all deference, the affidavits in these cases seem hopelessly inadequate in the absence of facts to bolster their sufficiency.

I would affirm the decision below.

W. Brown, J., concurs in the foregoing dissenting opinion.