OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a decision of the Court of Common Pleas of Stark County denying Appellant's Motion to Suppress.
 {¶ 2} This case arose out of two separate search warrants. The first requested a thermal imaging scan of an unoccupied dwelling at 245 Railroad Lane, Alliance, Ohio, to determine if excessive heat was being utilized to grow marijuana. The Appellant had a previous record for such an offense.
 {¶ 3} The structure was actually occupied on the second floor with a lower level garage. Based on the results of such scan, a second search warrant was obtained to enter the premises. Such warrant also included a search of Appellant's residence next to the first structure and identified as 244 East Wayne St., Alliance, Ohio.
 {¶ 4} After execution of such warrants, Appellant was charged with one count of trafficking in cocaine in violation of R.C.2925.03(A)(2)(C)(4)(d), one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(c), trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(c), and possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(c).
 {¶ 5} The subject motion to suppress was then filed and denied after the evidentiary hearing.
 {¶ 6} The sole Assignment of Error is:
 {¶ 7} "The trial court erred in overruling defendant's motion to suppress. this decision was unduly prejudicial to appellant and denied appellant his rights guaranteed to him by Article 1, Section 10 of the ohio state constituion [sic] as well as the 4th AND 14th amendment of the united states constitution."
 {¶ 8} In his sole Assignment of Error, Appellant asserts that denial of his Motion to Suppress evidence obtained pursuant to the two search warrants was unduly prejudicial and that such denial violated his constitutional rights under the Fourth and Fourteenth Amendments. While such assignment does not specifically aver that the affidavits were insufficient to provide probable cause for issuances of the search warrants, we shall infer that intent based upon the arguments in the brief in support of the assignment.
 {¶ 9} The initial Affidavit by Detective Lt. Scott Griffith in pertinent part stated:
 {¶ 10} "The investigation for the purposes of this Affidavit began within the last thirty (30) days. The investigation began because of confidential informant reports of drug sales and cultivation in violation of Section 2925.03(A) and 2925.04 at and about the occupied structure located at or known as a two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County, Ohio 44601.
 {¶ 11} "During the course of the investigation, the Alliance Police department received various tips regarding drug sales and cultivation of drugs from the premises described above, which indicated that contraband drugs were being sold from and produced about the premises located at or known as a two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County, Ohio 44601;
 {¶ 12} "During the course of the investigation, a confidential source, who provided true and accurate information in the past, and is proven to be reliable, advised that Neil Gott was cultivating marijuana plants utilizing high kilowatt light bulbs "grow lights" at the above address. The source advised that Gott covered the windows to prevent any observation into the garage. The source also advised that the electric and water bill have doubled within the past several months. Affiant states that he has reviewed the water bill for the premises covering the past several months and confirmed that the information provided by the confidential source was true and accurate. Affiant further states that police surveillance resulted in observing a vehicle with license registered to Neil Gott in close proximity to the premises;
 {¶ 13} "Affiant is aware that Neil Gott has multiple state and federal convictions for marijuana cultivation and trafficking; and
 {¶ 14} "Based upon the above information, affiant believes that heat and heat sources identifiable by thermal imagery that are resulted from high kilowatt light bulbs that are detectable from outside;
 {¶ 15} "Affiant has probable cause to believe that heat and heat sources identifiable by thermal imagery that are resulted from high kilowatt light bulbs that are detectable from outside the structure are located or concealed on or in the premises known as a two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County, Ohio 44601, the same being within this Court's jurisdiction. Affiant states that thermal imagery will detect residual heat from high kilowatt light bulbs which are being used in the cultivation of marijuana in violation of O.R.C. 2925.04;"
 {¶ 16} The second Affidavit contained the following additional recitations to obtain the right to physically search the garage and nearby residence of Appellant:
 {¶ 17} "Affiant requested and received a search warrant for a thermal image of the premises located at 245 Railroad Lane, Alliance, Ohio. Affiant, with officers from the APD did effect the thermal imagery search in the absence of heat and light from the sun in order to avoid a false reading from solar loading. The thermal imagery detected several heat anomalies inconsistent with a vacant structure. Det. Morris of the Alliance Police Dept. identified no less than two separate heat sources inside the structure. The patterns of heat identified support the conclusion that at least two separate high intensity heat sources existed in this vacant structure. While conducting the thermal imaging, the officers noted a generator or motor sound coming from the premises which is consistent with a fan or motor used to ventilate or dissipate heat from the premises. Based upon Affiant's training, education and experience, cultivation operations do utilize fans or other devices to attempt to ventilate heat built up from high kilowatt grow operations; and
 {¶ 18} "Affiant states that additional surveillance noted Neil Gott washing his truck beside the garage located at 245 Railroad Lane, Alliance, Ohio or March 14, 2003. Affiant states further that Neil Gott resides at 244 East Wayne Street, Alliance, Ohio 44601, which abuts the property located at 245 Railroad Lane, Alliance, Ohio 44601. Affiant states that surveillance indicates that Gott travels between the two listed premises quickly and easily.
 {¶ 19} "On March 16, 2003, the previously mentioned confidential source advised that Gott's live-in girlfriend recently moved out stating she would not come back until Gott got his "stuff" out of the house. Further, the confidential source advised that Cathy Young, owner of the garage premises located at 245 Railroad Lane, Alliance, Ohio 44601, told Young's mother that Gott was growing "medicinal herb" in the garage with 1,000 kilowatt grow lights; and
 {¶ 20} "The address of the premises has been verified by Affiant as a two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County, Ohio 44601 and two story single family residence, gray sided, white trim, 244 East Wayne Street, Alliance, Ohio 44601 which is the correct address in relation to the criminal offense specific in this affidavit.
 {¶ 21} "Affiant has filed this Affidavit for the purpose of obtaining a "no knock" search warrant to search during daytime or nighttime hours the following dwelling and any outbuildings on the premises thereof; and
 {¶ 22} "Two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County, Ohio 44601.
 {¶ 23} "Two story, single-family residence, gray sided, white trim, 244 East Wayne Street, Alliance, Stark County, Ohio 44601.
 {¶ 24} "Affiant has probable cause to believe that illegal and contraband drugs, including marijuana, as well as drug paraphernalia, drug equipment, weapons and/or dangerous ordnance, ammunition, money, records, logs, books and ledgers as well as any and all other criminal instruments related to marijuana cultivation are located or concealed on or in the premises known as a two story, lower-level garage, brick structure, white trim, 245 Railroad Lane, Alliance, Stark County Ohio 44601, and two story, single-family residence, gray sided, white trim, 244 East Wayne Street, Alliance, Stark County, Ohio 44601 the same being within this Court's jurisdiction;"
 {¶ 25} In our initial review of the Assignment, we also find, as did the Appellee, that Appellant's reliance on Aguilar v. Texas (1964),378 U.S. 108, is misplaced as the United States Supreme Court in Illinoisv. Gates (1983), 462 U.S. 213 held:
 {¶ 26} "(1) rigid "two-pronged test" under Aguilar and Spinelli for determining whether an informant's tip establishes probable cause for issuance of a warrant would be abandoned and a "totality of the circumstances" approach that traditionally has informed probable cause determinations would be substituted in its place."
 {¶ 27} While the ultimate decision which we reach in this cause is based on the sufficiency of the affidavits as to probable cause, we shall review generally the scope of this Court's review as to such issue.
 {¶ 28} This Court in State v. Barkley, et al. (March 5, 1990) Fifth District App. Nos. CA-7897, CA-78981, CA-7885, CA-7894, CA-7873, in quoting and in reliance upon Illinois v. Gates, supra, and United Statesv. Leon (1984), 468 U.S. 897, held:
 {¶ 29} "1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' (Illinois v. Gates [1983], 462 U.S. 213, 238-239, followed.)
 {¶ 30} "2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates [1983],462 U.S. 213, followed.)" State v. George (1989), 45 Ohio St.3d 325, also expressed such standard.
 {¶ 31} "3. The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. (United States v.Leon [1984], 468 U.S. 897, followed.) State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, all three syllabi."
 {¶ 32} The Supreme Court in United States v. Leon, supra, also held:
{¶ 33} "The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid."
 {¶ 34} Based upon these considerations and guidance, it would be our obligation to examine such affidavits for sufficiency without substituting our judgment for that of the issuing court.
 {¶ 35} While Appellant argues forcefully that Judge Lavery in issuing the search warrants was not provided information that the second floor of the garage contained an occupied apartment, the affidavit for the thermal imaging was for the unoccupied garage only and the apartment was located only over the western portion thereof. (T. at 71).
 {¶ 36} Appellant also presents an alternative argument that even if the garage search is determined to have been based on probable cause, the search of the adjoining residence was not.
 {¶ 37} However, under the "totality of the circumstances", the affidavits as to both structures was based on information from a confidential source, reliable and corroborated in the past, as to sale of drugs, information as to a grow operation, activity of Appellant between the residence and the garage, increased water and electric usage and Appellant's prior drug history.
 {¶ 38} Even though the growing operation was not found in the garage, there was no showing in the record by the officers indicating a lack of good faith belief as to the anticipated outcome of the searches.
{¶ 39} Also the rules applicable to affidavits for search warrants are subject to a less stringent test than required for evidence admissibility and can be based on hearsay statements from an informant. State v. Karr
(1975), 44 Ohio St.2d 163.
 {¶ 40} With these standards in mind, we must disagree with Appellant's Assignment of Error and affirm this cause at Appellant's costs.
Boggins, J., Gwin, P.J. and Wise, J. concur.