[Cite as *State v. Beauford*, 2011-Ohio-5628.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25767 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| TERRELL L. BEAUFORD | COUNTY OF SUMMIT, OHIO |
| | CASE No. CR 10 05 1240 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

CARR, Judge.

{¶1} Appellant, Terrell Beauford, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 18, 2010, Beauford was indicted on one count each of trafficking in cocaine, possession of cocaine, having weapons while under disability, possessing criminal tools, possession of marijuana, driving under suspension, and two criminal forfeiture specifications. He pleaded not guilty to the charges at arraignment.

{¶3} On July 15, 2010, Beauford filed a motion to suppress evidence seized as a result of an allegedly improperly issued search warrant. The trial court held a hearing on the motion. On August 17, 2010, the trial court denied Beauford's motion to suppress.

{¶4} On December 9, 2010, the trial court held a change of plea hearing, during which Beauford pleaded no contest to the indicted charges. The trial court entered a finding of guilty

and sentenced Beauford pursuant to the terms of the plea negotiation. Beauford filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES BY THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT."

**{¶5}** Beauford argues that the trial court erred by denying his motion to suppress because the affidavit in support of the search warrant was insufficient to establish probable cause. Specifically, Beauford argues that the search warrant affidavit formed an insufficient basis for probable cause because it contained misstatements of fact and because it was premised on uncorroborated hearsay statements of a confidential informant. This Court disagrees.

**{¶6}** A motion to suppress presents a mixed question of law and fact:

"When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶8.

**{¶7}** The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, not every search and seizure. The United States Supreme Court has held that "before a warrant for either arrest or search can issue [the Fourth Amendment probable-cause requirements] require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whitely v. Warden* (1971), 401 U.S. 560, 564.

{¶8} Crim.R. 41(C) addresses the issuance of search warrants and states in relevant part: "A warrant shall issue on either an affidavit or affidavits sworn to before a judge of a court of record ***. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and *state the factual basis for the affiant's belief that such property is there located*." (Emphasis added.) Crim.R. 41(C)(1). The judge shall issue the search warrant upon determining that probable cause for the search exists. Crim.R. 41(C)(2). The rule further provides that "[t]he finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Id.

{¶9} A court reviewing the sufficiency of probable cause in a submitted affidavit should not substitute its judgment for that of the issuing judge. *State v. Tejada*, 9th Dist. No. 20947, 2002-Ohio-5777, at ¶7, citing *State v. George* (1989), 45 Ohio St.3d 325, at paragraph two of the syllabus. Rather, the duty of a reviewing court is to determine whether the magistrate or judge who issued the search warrant had a substantial basis for concluding that probable cause existed. *George*, 45 Ohio St.3d at paragraph two of the syllabus. Great deference is to be given to the issuing judge's determination and doubtful or marginal cases are to be resolved in favor of upholding the validity of the warrant. *State v. Cash* (Mar. 14, 2001), 9th Dist. No. 20259, citing *George*, 45 Ohio St.3d at paragraph two of the syllabus.

{¶10} This Court has recognized that "[t]here is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information." (Quotations and citations omitted). *State v. Fisher*, 9th Dist. No. 22481, 2005-

Ohio-5104, at ¶7. "It is not essential that the affiant swear that the informant supplied reliable information in the past, but it is generally held that a statement that the informant has been reliable in the past is sufficient." (Citations omitted.) *State v. Karr* (1975), 44 Ohio St.2d 163, 166. We have written that where an affidavit sufficiently details the underlying circumstances, gives the reason for crediting the information source, and where probable cause is or has been found, this Court should not rely on a hyper-technicality to invalidate a warrant. *Fisher* at ¶7, citing *Karr*, 44 Ohio St.2d at 167. Instead, the affidavit should be interpreted in a common sense manner. *Fisher* at ¶7.

{¶11} "[P]robable cause is the existence of circumstances that warrant suspicion." (Quotations and citations omitted). *Tejada* at ¶8. Therefore, "the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires only a showing that a probability of criminal activity exists." (Quotations omitted). Id. See also, *George*, 45 Ohio St.3d at 329. Furthermore, courts view the totality of the circumstances in making probable cause determinations. *Illinois v. Gates* (1983), 462 U.S. 213, 238. The *Gates* court elaborated: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for … conclud[ing] that probable cause existed." (Internal quotations omitted.) Id. at 238-39.

{¶12} Beauford first argues that the affiant made misstatements of facts in the affidavit which must be excised and cannot be used to support a probable cause determination. Specifically, Beauford challenges the issuing judge's reliance on paragraph ten of the affidavit, a

paragraph describing a 2009 traffic stop during which cocaine, marijuana, and a large sum of money was seized from him and his brother. Beauford argues that the affiant failed to further aver that he was only charged with a minor misdemeanor based on evidence discovered during the stop, that the charge was ultimately dismissed, and that the cash was returned to him.

{¶13} At the suppression hearing, affiant Detective Michael Schmidt of the Akron Police Department testified that, at the time he executed the affidavit, he was not aware of the charges that might have been brought against Beauford as a result of the traffic stop. He further testified that he had no knowledge of the status of any case arising out of the stop or that the seized money had been returned. Beauford offered no evidence at the suppression hearing to rebut the detective's testimony and establish that the detective was aware of the alleged omitted facts. Accordingly, the only evidence presented at the suppression hearing demonstrates that Detective Schmidt did not make any misstatements of fact in paragraph ten of his affidavit.

{¶14} Beauford next argues that the affidavit presented an insufficient indication of probable cause to support the issuance of a search warrant because the affidavit consisted of uncorroborated hearsay statements by a confidential informant. In paragraph five of his affidavit, however, Detective Schmidt avers: "Affiant states that the information source listed in the previous paragraphs of this affidavit has provided the affiant with information concerning the possession and sale of controlled substances in the Akron, Summit County, Ohio area, which information has been corroborated by Detective Mike Schmidt #1151 and [Special Agent] Dan Wehrmeyer. Further, the information source has displayed to specific knowledge as to the uses, effects and distribution patterns of controlled substances in the Akron, Summit County, Ohio area."

**{¶15}** In the present case, the confidential informant's information was corroborated by both the affiant and another law enforcement officer involved in this case. Detective Schmidt also averred as to the confidential informant's reliability based on previous information the informant had provided regarding specific drug possession and trafficking issues within the affiant's investigative jurisdiction. Viewing the totality of the circumstances, this Court concludes that sufficient information existed to corroborate the confidential informant's information. As a result, we conclude that the trial court properly determined that the issuing judge had a substantial basis to suspect that a probability of criminal activity existed at Beauford's residence. See *Tejada* at ¶8. Accordingly, the trial court did not err by denying the motion to suppress. Beauford's assignment of error is overruled.

### III.

**{¶16}** Beauford's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JAMES L. BURDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.