[Cite as *State v. Rapp*, 2013-Ohio-5384.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 117 |
| V. | ) | |
| | ) | OPINION |
| TRENT P. RAPP, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 09CR819

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee         Paul Gains
                               Prosecutor
                               Ralph M. Rivera
                               Assistant Prosecutor
                               21 W. Boardman St., 6th Floor
                               Youngstown, Ohio 44503

For Defendant-Appellant        Attorney Samuel G. Amendolara
                               860 Boardman-Canfield Road
                               Suite 204
                               Youngstown, Ohio 44512

                               Attorney Dennis A. DiMartino
                               1032 Boardman-Canfield Road
                               Suite 103
                               Youngstown, Ohio 44512-4238

JUDGES:
Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                               Dated: December 6, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Trent Rapp, appeals from a Mahoning County Common Pleas Court judgment denying his motion to suppress evidence found in his home when police executed search warrants based on information provided by a "cooperating source."

{¶2} On January 15, 2009, it came to the attention of Canfield Police Detective Brian McGivern that counterfeit $100 bills were found at the Mahoning County Career and Technical Center (MCCTC). Det. McGivern spoke to one of the students who had a counterfeit bill. This student, a juvenile, was an ongoing "cooperating source" (CS) with Canfield Police. The CS had provided the police with information during the preceding year about drugs in Canfield, which led to at least two arrests and two convictions.

{¶3} The CS was employed by appellant, who police knew to be the owner of the Canfield Dairy Queen. The CS told Det. McGivern he had received the $100 bill from appellant's residence, that appellant made the counterfeit bills on his computer, and appellant had "stacks" of counterfeit bills in his residence located in Beaver, Ohio. The CS further told Det. McGivern that appellant always had a large amount of marijuana at his residence and allowed Canfield High School students to use marijuana at his residence. Additionally, the CS told police appellant performed oral sex on him on numerous occasions and compelled CS to perform oral sex on him. The CS told police appellant threatened to dismiss him from his job if he did not continue to engage in the sexual activity. Finally, the CS told police appellant had numerous surveillance cameras located inside of his residence.

{¶4} Based on this information, Det. McGivern, along with Beaver Police Detective Eric Datillo, filed an affidavit for a search warrant of appellant's residence on January 21, 2009. The trial court issued the search warrant that day (warrant one).

{¶5} The detectives executed the warrant and recovered numerous items including, suspected marijuana and cocaine, counterfeit money, computers, videotapes, and computer equipment.

**{¶6}** On January 26, 2009, Det. Datillo filed an affidavit for another search warrant to allow agents at the Ohio Bureau of Criminal Identification and Investigation to search appellant's computers and computer equipment that were seized during the execution of warrant one. The trial court issued the search warrant that day (warrant two).

**{¶7}** Subsequently, a Mahoning County Grand Jury indicted appellant on one count of trafficking in marijuana, a fifth-degree felony in violation of R.C. 2925.03(A)(2)(C)(3)(a); one count of possession of cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(4)(a); one count of corrupting another with drugs, a fourth-degree felony in violation of R.C. 2925.02(A)(4)(c)(C)(3); eight counts of illegal use of a minor in nudity oriented material or performance, fifth-degree felonies in violation of R.C. 2907.323(A)(3)(B); four counts of pandering sexually oriented matter, fourth-degree felonies in violation of R.C. 2907.322(A)(5); and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A)(C). Appellant pleaded not guilty.

**{¶8}** Appellant filed a motion to suppress the evidence obtained as a result of the two search warrants and to suppress statements he made to police subsequent to the execution of the warrants and his arrest.

**{¶9}** The trial court first ruled on the motion without holding a hearing. Initially, it pointed out that appellant's motion was untimely. Nonetheless, it went on to address the merits. The court found a hearing was unnecessary because all of the information needed was contained in the search warrant affidavits, which appellant attached to his motion. The court went on to overrule appellant's motion as to the evidence seized as a result of the search warrants. The court sustained appellant's motion as to the statements appellant made to police prior to being read his Miranda rights and ordered those statements suppressed.

**{¶10}** Appellant filed a motion for reconsideration, which the trial court granted so that it could hold a hearing.

**{¶11}** At the suppression hearing, the court heard testimony from Detectives

McGivern and Datillo. The court found that as to warrant one, the CS's information was sufficiently reliable and the time frame of the investigation was established. As to warrant two, the court found because warrant one was valid, warrant two was not based on information obtained as a result of an illegal search.

**{¶12}** Appellant subsequently entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the agreement's terms, appellant entered a no contest plea to trafficking in marijuana, possession of cocaine, corrupting another with drugs, one count of illegal use of a minor in nudity oriented material or performance, two counts of pandering sexually oriented material, and possessing criminal tools. In exchange, the state dismissed the remaining seven counts of illegal use of a minor in nudity oriented material or performance and the remaining two counts of pandering sexually oriented material. The state also dismissed another indictment against appellant for furnishing false identification. The trial court accepted appellant's plea and entered findings of guilt.

**{¶13}** The court later held a sentencing hearing where it sentenced appellant to five years of community control sanctions, including a $5,000 fine, a no contact order with the victim, and 500 hours of community service. Additionally, the court classified appellant as a Tier I sex offender.

**{¶14}** Appellant filed a timely notice of appeal on June 26, 2012.

**{¶15}** Appellant raises four assignments of error each of which asserts the trial court erred in overruling his motion to suppress. Thus, the same standard of review applies to each assignment of error.

**{¶16}** Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence. *State v. Winand*, 116 Ohio App.3d 286, 288, 688 N.E.2d 9 (7th Dist.1996), citing *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608, 645 N.E.2d 802 (9th Dist.1994). Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of

witnesses." *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E .2d 831 (4th Dist.1994). An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. *State v. Rice*, 129 Ohio App.3d 91, 94, 717 N.E.2d 351 (7th Dist.1998). A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. *Id.*

{¶17} Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY OVERRULING THE MOTION TO SUPPRESS EVIDENCE REGARDING THE SEARCH OF DEFENDANT-APPELLANT'S HOME, WHEN THE OFFICERS LACKED PROBABLE CAUSE TO REQUEST A SEARCH WARRANT.

{¶18} Appellant argues that the detectives here had no "facts" in the affidavit for warrant one but only "allegations." He claims they had to do something to confirm or deny the allegations made by the CS. Without conducting some investigation into the CS's allegations, appellant asserts the detectives lacked any specific and articulable information concerning alleged criminal activity. Therefore, appellant contends, the trial court should have suppressed the evidence obtained during the search of his home.

{¶19} The Ohio Supreme Court has held:

In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that

probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus. Given the standard, in this case we must simply determine whether we can say the detectives' affidavit provided a substantial basis for the issuing court's conclusion that there was a fair probability marijuana, counterfeit money, personal computers, and linens and pillows would be found in appellant's residence. *Id.* at 330. Search warrants and their accompanying affidavits enjoy a presumption of validity. *State v. Wallace*, 7th Dist. Nos. 11 MA 137-11 MA 155, 2012-Ohio-6270, ¶27.

{¶20} Regarding the reliability of the CS, the trial court pointed to the statement in the affidavit that the CS "has proven reliable in the past to Canfield Police Department Investigations." The court acknowledged this statement was somewhat vague, but it found that given the standard it was to apply in determining if probable cause existed, the affidavit was sufficient.

{¶21} A judge may find probable cause exists for a search warrant based on hearsay provided there is a substantial basis (1) for believing the source of the hearsay to be credible and (2) for believing there is a factual basis for the information furnished. Crim.R. 41(C)(2).

{¶22} A statement by the affiant-officer that the informant has been reliable in the past is generally sufficient to show the informant's reliability. *State v. Karr*, 44 Ohio St.2d 163, 166, 339 N.E.2d 641 (1975). "The fact that an informant has provided reliable information in the past gives the magistrate a definite indication of credibility." *Id.* But it is also strongly advised that the affiant provide facts as to the number of past incidents the informant helped with, the manner of information provided, and the degree of accuracy so that the judge can be fully informed of the

grounds for the informant's reliability. *Id.*

**{¶23}** In this case, the affidavit for warrant one specifically stated the CS "has been proven reliable in the past to Canfield Police Department Investigations as the CS supplied information which lead to the arrest and conviction(s) of others, which also included execution of search warrant(s)." By making this statement in the affidavit Det. McGivern vouched for the CS's credibility and provided a substantial basis for believing the CS to be credible.

**{¶24}** And as to the factual basis for the information furnished, the CS's information came from his own observations of appellant's home. The basis of knowledge is sufficient from an unnamed informant when it is the informant's personal observation, which is then related to the affiant. *State v. Blair*, 7th Dist. No. 95-JE-8, 1996 WL 342215, *3 (June 18, 1996).

**{¶25}** Appellant contends that the detectives had a "reckless disregard for the truth" because they failed to confirm or deny the accuracy of the CS's statements. In support, he cites to *State v. Waddy*, 73 Ohio St.3d 424, 588 N.E.2d 819 (1992), where the Court stated that in order to "successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either 'intentionally, or with reckless disregard for the truth.'" *Id.* at 441, quoting *Franks v. Delaware* (1978), 438 U.S. 154, 155-156, 98 S.Ct. 2674, 57 L.Ed.2d 667.

**{¶26}** What appellant fails to recognize, however, is that "[t]he right in *Franks* to attack the truthfulness of averments in a search warrant affidavit is restricted solely to false or untruthful statements by the affiant and not hearsay statements of others, *including confidential informants*." (Emphasis added.) *State v. Clark*, 4th Dist. No. 92 CA 485, 1993 WL 216319, *5, fn. 2 (June 22, 1993). There is no indication in this case that the detectives acted with reckless disregard for the truth in the statements they made. Instead, they truthfully reported what the CS told them. And while this is clearly hearsay, hearsay is an acceptable basis for a search warrant application. *State v. Wilson*, 156 Ohio App.3d 1, 2004-Ohio-144, 804 N.E.2d 61, ¶11 (8th Dist.);

Crim.R. 41(C)(2).

**{¶27}** Additionally, an affidavit based solely on hearsay by confidential informants has been upheld in the past. For instance, in *State v. Taylor*, 82 Ohio App.3d 434, 612 N.E.2d 728 (2d Dist.1992), the court found sufficient an affidavit that stated a confidential informant had personally seen large amounts of cocaine being prepared for distribution within the past 24 hours at the house to be searched and the affiant officer relied on assurances from another officer, who relayed the informant's statements to the affiant, that the informant was reliable and had given information in the past that had led to felony arrests.

**{¶28}** Thus, the trial court properly found the affidavit for warrant one contained sufficient statements regarding the CS's reliability and the CS's statements were sufficient probable cause on which to base the warrant.

**{¶29}** Accordingly, appellant's first assignment of error is without merit.

**{¶30}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED BY OVERRULING THE MOTION TO SUPPRESS EVIDENCE REGARDING THE SEARCH OF DEFENDANT-APPELLANT'S COMPUTER, WHEN THE OFFICERS FAILED TO TAKE ANY STEPS WHATSOEVER TO CONFIRM OR DENY THE ALLEGATIONS OFFERED BY THE PRIVATE CITIZEN.

**{¶31}** In this assignment of error, appellant makes the same argument as he did in his first assignment of error. He argues that the detectives, with reckless disregard for the truth, failed to take any steps to corroborate the CS's allegations. This time he urges, however, that the trial court should have suppressed the evidence obtained during the search of his computer.

**{¶32}** As discussed in detail in appellant's first assignment of error, there was evidence that the CS had proven reliable in the past, the CS relayed his personal observations to the detectives, and hearsay is acceptable in an affidavit for a search warrant. And while corroborating evidence would have bolstered the detective's

affidavit, appellant can point to no case law that requires an officer to corroborate the information given by a confidential informant who has been proven reliable in the past.

**{¶33}** Accordingly, appellant's second assignment of error is without merit.

**{¶34}** Appellant's third assignment of error states:

THE TRIAL COURT ERRED BY OVERRULING THE MOTION TO SUPPRESS EVIDENCE WHEN THE AFFIDAVITS NEVER LISTED A DATE THAT THE COOPERATING SOURCE OBSERVED EVIDENCE OF CRIMINAL ACTIVITY, MAKING WHATEVER INFORMATION WAS PROVIDED "STALE."

**{¶35}** Here appellant asserts the affidavit for warrant one was insufficient because it did not contain a timeframe for when the CS witnessed the criminal activity or evidence.

**{¶36}** A search warrant affidavit must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time. *State v. Hollis*, 98 Ohio App.3d 549, 554, 649 N.E.2d 11 (11th Dist.1991). When examining whether information contained in a search warrant's affidavit is stale, courts should consider (1) the character of the crime; (2) the criminal; (2) whether the thing to be seized is perishable and easily transferable or of enduring utility to its holder; (4) the place to be searched; and (5) whether the information in the affidavit relates to a single isolated incident or protracted ongoing criminal activity. *State v. Pritt*, 7th Dist.-12-114, 2002-Ohio-4487, ¶13. There is no arbitrary time limit on how old information can be; the alleged facts simply must justify the conclusion that the contraband is present on the premises to be searched. *State v. Jones*, 72 Ohio App.3d 522, 526, 595 N.E.2d 485 (6th Dist.1991).

**{¶37}** In the present case, the trial court found the affidavit set out a sufficient timeline. The court noted the affidavit listed dates of searches and interviews, both of which occurred within six days of the issuance of the search warrant.

**{¶38}** The affidavit for warrant one stated that on January 15, 2009, Det. McGivern was briefed by the school resource officer regarding counterfeit bills seized at the MCCTC. That same day, Det. McGivern went to the CS's house where he consensually searched the CS's bedroom and located another counterfeit bill. The CS told Det. McGivern the counterfeit money was taken from appellant's residence. The CS told Det. McGivern that appellant "has" stacks of counterfeit bills in his residence and identified appellant's address. The CS also told Det. McGivern that appellant "always has" a large amount of marijuana at his residence and "allows" Canfield High School students to use it. The next day, during an interview, the CS told Det. McGivern that he is employed by appellant, appellant performed oral sex on him on numerous occasions, appellant compelled the CS to perform oral sex, and appellant threatened to dismiss the CS from his job if he did not "continue" to engage in sexual activity.

**{¶39}** The better practice here would have been to include information as to when exactly the CS had seen the drugs and counterfeit money at appellant's residence. But the use of the words "has," "always has," "allows," and "continue" justify a conclusion that Det. McGivern was not facing an isolated incident here. Instead, the CS's statements indicated an on-going, present occurrence and demonstrated the items were likely located in appellant's house at the time. And the CS made these statements to Det. McGivern just days before the search warrant was issued. Given that we are to afford great deference to the judge's determination of probable cause and resolve marginal cases in favor of upholding the warrant, it was reasonable for the issuing judge to have concluded the CS's information was not stale and marijuana, counterfeit currency, and other contraband were currently located at appellant's residence as part of an on-going affair.

**{¶40}** Accordingly, appellant's third assignment of error is without merit.

**{¶41}** Appellant's fourth assignment of error states:

THE TRIAL COURT ERRED BY OVERRULING THE MOTION
TO SUPPRESS EVIDENCE REGARDING THE 2ND SEARCH

WARRANT, AS IT WAS ISSUED BASED SOLELY ON THE DEFECTIVE ISSUANCE OF THE 1ST SEARCH WARRANT, THEREBY RENDERING THE EVIDENCE INADMISSIBLE.

**{¶42}** Finally, appellant argues warrant two was invalid because it was issued solely as a result of the items seized during the execution of warrant one thus rendering it "the fruit of the poisonous tree."

**{¶43}** Evidence obtained by the exploitation of an illegal search must be suppressed as the "fruits of the poisonous tree." *State v. Haslam*, 7th Dist. No. 08-MO-4, 2009-Ohio-696, ¶25. The information in the affidavit for warrant two was based in large part on the evidence seized in the execution of warrant one and also repeated the information contained in the affidavit for search warrant one. Because warrant one was valid, appellant's "fruits of the poisonous tree" argument fails because there is no "poisonous tree."

**{¶44}** Accordingly, appellant's fourth assignment of error is without merit.

**{¶45}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.