DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Shaun C. Thymes, appeals from the judgment of the Summit County Court of Common Pleas, which convicted him of drug possession. We affirm.
 {¶ 2} In an indictment filed April 12, 2004, a grand jury charged Defendant with one count of possession of cocaine, in violation of R.C.2925.11(A), a fifth degree felony; one count of trafficking marijuana, in violation of R.C. 2925.03(A)(2), a fifth degree felony; one count of illegal use or possession of drug paraphernalia, a violation of R.C.2925.14(C)(1), a fourth degree misdemeanor; and one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor. Defendant pled not guilty to all charges.
 {¶ 3} On May 19, 2004, Defendant filed a motion to suppress the evidence obtained upon execution of a search warrant, as well as any statements he made while in police custody. On May 27, 2004, and June 23, 2004, supplemental indictments were filed to include two counts of illegal manufacture of drugs in violation of R.C. 2925.04(A), a second degree felony; one count of possession of cocaine, in violation of R.C.2925.11(A), a third degree felony; one count of knowing use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor; and one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor. Defendant pled not guilty to all supplemental charges on July 20, 2004.
 {¶ 4} A supplemental motion to suppress was filed on September 9, 2004, arguing 1) the issuance of the search warrant regarding Defendant's residence was invalid based on the confidential informant's reliability, and 2) the warrant provided no authorization for a nighttime search. The motion was heard and denied.
 {¶ 5} A jury trial was held on November 18 and 19, 2004. The jury found Defendant guilty of possession of cocaine and possession of marijuana, but not guilty of the illegal use or possession of drug paraphernalia. The remaining charges had been dismissed prior to trial. Defendant was sentenced to two years incarceration and three years of post-release control.
 {¶ 6} Defendant timely appealed, asserting five assignments of error for review. For ease of discussion, we will address the second and third assignments of error together.
 ASSIGNMENT OF ERROR I
"The conviction of [Defendant] for the charges of possession of marijuana and cocaine in this case is against the manifest weight of the evidence and should be reversed."
 {¶ 7} In his first assignment of error, Defendant asserts that the manifest weight of the evidence does not support his convictions for possession of cocaine and marijuana because the State failed to prove that he "knowingly possessed" the drugs, as the State failed to show that Defendant had actual possession of the drugs or that Defendant lived at the residence from which these drugs were seized. Defendant argues that there was no testimony that the drugs were found in any of his possessions, or that he had custody and control over them. We disagree.
 {¶ 8} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Id. Therefore, we will focus on whether Defendant's convictions for possession of cocaine and marijuana were against the manifest weight of the evidence.
 {¶ 9} Defendant maintains that his two convictions were against the manifest weight of the evidence because the State failed to prove the elements of the drug possession charges. His argument focuses on whether he knowingly possessed the cocaine found on the television or the marijuana found on the living room floor. Defendant contends that his convictions should be reversed because the State did not prove that he possessed the drugs in accordance with R.C. 2925.11(A), which states. "No person shall knowingly obtain, possess or use a controlled substance."
 {¶ 10} In State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, this Court stated:
"[A] person may knowingly possess a substance through either actual or constructive possession. A person has constructive possession of a substance when he is able to exercise dominion or control over it. Circumstantial evidence is itself sufficient to establish dominion and control of the substance. Thus, circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Ownership of the controlled substance need not be established, and possession may be individual or joint.
"* * * It is irrelevant that Defendant did not own the apartment, or the car, in which the cocaine was found or that others were in the apartment with him at the time of the raid. It is also irrelevant that he did not admit that the cocaine was his." (Internal citations and quotations omitted.) Id. at 22-23. See, also, State v. Riley, 9th Dist. No. 20618, 2001-Ohio-1785, at 4.
 {¶ 11} The State presented testimony from five responding police officers and a technician from the Bureau of Criminal Investigation (BCI). On May 18, 2004, the police and SWAT team performed a "hard entry" into the apartment where they found Defendant and a co-defendant seated in front of the TV playing a video game. The witnesses described the apartment as small and photographs taken during the search were admitted into evidence. During the search, the police discovered cocaine and marijuana to be in plain view, in a usable form and in reasonably close proximity to Defendant. The police also discovered other indicators of drug activity: a razor blade, a DVD case with cutting marks from a razor blade and cocaine residue, a jar with cocaine residue typical for making crack, and approximately $200.00 in cash. In addition to the circumstances surrounding the search, police officers found a piece of U.S. mail addressed to Defendant and had previously conducted surveillance of him at the address.
 {¶ 12} This Court does not find the convictions for possession of cocaine and marijuana against the manifest weight of the evidence as we are unable to conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court incorrectly denied [Defendant's] motion for acquittal in violation of Criminal Rule 29; specifically, there was not sufficient evidence to prove the offenses of possession of cocaine and marijuana."
 ASSIGNMENT OF ERROR III
"The trial court erred to the prejudice of [Defendant] and in violation of Criminal Rule 29(A), Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the [United States Constitution] when it denied [Defendant's] motion for acquittal."
 {¶ 13} In his second and third assignments of error, Defendant contends the totality of the evidence presented was insufficient to convince average jurors of his guilt beyond a reasonable doubt. Defendant argues that because denials of Rule 29 motions are reviewed under a sufficiency of the evidence standard, the testimony presented did not mean a determination that his guilt was proved beyond a reasonable doubt. We disagree.
 {¶ 14} As an initial matter, this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. State v.Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing Statev. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its initial burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3.
 {¶ 15} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal under Crim.R. 29(A) if, after "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia (1979), 443 U.S. 307, 319,61 L.Ed.2d 560. In making this determination, all evidence must be construed in a light most favorable to the prosecution. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216.
 {¶ 16} In resolving Appellant's first assignment of error, we concluded that his convictions for possession of cocaine and possession of marijuana were not against the manifest weight of the evidence. Based on our previous finding that "a determination that [a] conviction is supported by the weight of the evidence [is also] dispositive of the issue of sufficiency," we find that any issues regarding the sufficiency of the evidence must be similarly disposed of. See State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. This Court concludes that the there was sufficient evidence to allow the trial court to conclude that each material element of the charges alleging possession of cocaine and marijuana against Defendant had been satisfied, thereby precluding the trial court from granting Defendant's Crim.R. 29(A) motion. Thus, we overrule Defendant's second and third assignments of error.
 ASSIGNMENT OF ERROR IV
"The trial court erred and abused its discretion by allowing highly prejudicial testimony about alleged cocaine residue, despite and over [Defendant's] objections and motion to dismiss and disallow this testimony."
 {¶ 17} In his fourth assignment of error, Defendant alleges that the trial court erred when it admitted testimony which he believed to be highly prejudicial. Specifically, Defendant asserts that although the trial court eventually dismissed the illegal manufacture of drugs charge, the trial court committed reversible error by permitting the jury to hear testimony regarding cocaine residue allegedly observed on a jar and a DVD case. Defendant contends that because BCI never tested the jar, the admission of this testimony was so prejudicial that his conviction should be reversed. We disagree.
 {¶ 18} A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Importantly, under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 19} Testimony from the police officers revealed that when the jar was collected at the scene, tests were conducted on the residue to confirm the positive presence of cocaine. Despite the eventual dismissal of the illegal manufacturing charges, such evidence was directly relevant to the pending charges of illegal manufacture of drugs, as well as to the charge of possession of cocaine. Evid.R. 401. Furthermore, the State produced supporting evidence that the jar in question was the type commonly used in the manufacture of crack cocaine. We do not agree with the argument that such information was so prejudicial that the admission of such testimony constituted an abuse of discretion. We find Defendant's fourth assignment of error to be without merit.
 ASSIGNMENT OF ERROR V
"The trial court erred by denying [Defendant's] motion to suppress."
 {¶ 20} Defendant alleges that the trial court erred in denying his motion to suppress evidence because the search warrant was flawed and the entry was unlawful. Specifically, Defendant asserts the search warrant was invalid because the claimed basis for probable cause was insufficient and the authorization for a night time search was unjustified. We disagree.
 {¶ 21} We note that Defendant's brief also raises the issues of the warrant not being "sufficiently definite," as well as the plain view doctrine. However, Defendant's failure to raise these issues in the trial court constitutes a waiver of them on appeal. "Issues not raised and tried in the trial court cannot be raise for the first time on appeal."Holman v. Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157.
 {¶ 22} A motion to suppress under the Fourth Amendment to the United States Constitution involves a mixed question of law and fact; as such, this Court defers to the trial court's findings of fact but conducts a de novo review of the trial court's application of the appropriate legal standard to those facts. Ornelas v. United States (1996), 517 U.S. 690,696-97, 134 L.Ed.2d 911; State v. Booth, 151 Ohio App.3d 635,2003-Ohio-829, at ¶ 12. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. State v. Amore, 9th Dist. No. 03CA008281, 2004-Ohio-958, at ¶ 6. The trial court is in the best position to resolve factual questions and assess the credibility of witnesses when evaluating a motion to suppress. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact so long as they are supported by competent, credible evidence.State v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 23} While a motion to suppress evidence under the Fourth Amendment is reviewed using the standard set forth in Ornelas, Defendant's brief addresses two distinct issues within the motion, each with a separate standard of review.
 {¶ 24} First, Defendant questions the reliability of the informant and the specificity of the items identified in the warrant. Defendant asserts that because the affidavit in the present case lacked verification as to the confidential informant's known reliability, the affidavit was unreliable, the finding of probable cause was improper, and the warrant was invalid.
"In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewingcourt is simply to ensure that the magistrate had a substantial basis forconcluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v.Gates (1983), 462 U.S. 213, followed.)" (Emphasis added.) State v.George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus. See, also, State v. Jordan, 101 Ohio St.3d 216, 2004-Ohio-783, at ¶ 38.
 {¶ 25} The George Court also stated:
"In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at paragraph one of the syllabus. (External citation omitted.)
Consequently, the question posed by Defendant is whether the affidavit required verification as to the reliability of the confidential informant. This Court then examines whether the affidavit in question provided a substantial basis for the magistrate's conclusion that probable cause existed.
 {¶ 26} In United States v. Lancaster (July 28, 2005), C.A. 6. No. 04-5826, the Sixth Circuit Court of Appeals addressed the issue of the reliability of a confidential informant:
 {¶ 27} "When dealing with a confidential informant, `if the prior track record of an informant adequately substantiates his credibility, other indicia of reliability are not necessarily required.' Declarations as to the informant's reliability may not be necessary if the statements are corroborated by extrinsic information." (Citations omitted.)
Furthermore, the Ohio Supreme Court stated in State v. Karr (1975),44 Ohio St.2d 163:
"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner." Id. at 167.
 {¶ 28} The affidavit at issue stated in part:
"2. Affiant, within the past three days went to the above described premises utilizing an information source. The source was searched by Akron Narcotics officers and was found not to be in possession of any controlled substances or currency. The source was provided with APD funds. Affiant observed as the source entered the premises. Shortly thereafter the source exited the premises. Upon return, the source delivered to affiant a quantity of crack cocaine that the source stated was purchased within the premises with the funds previously provided. The source was again searched and found again not to be in possession of controlled substances or currency. The substance was field tested by Akron Street Narcotics officers and indicated a positive reaction for the presence of a controlled substance, to wit: crack cocaine.
"3. Affiant, within the past three days, spoke to an information source concerning the alleged drug activity at the above described premises. This conversation took place prior to the controlled buy described above. The source stated that the occupants of the premises were in possession of a controlled substance, crack cocaine, and were in the process of selling same from that location. The source indicated that the suspects inside the residence were in possession of firearms."
We find that the affiant officer's description of the prior drug purchase, as corroboration for the informant's additional statement, creates a reasonable inference that the drugs would be found within the residence. Therefore, a magistrate presented with this affidavit had a proper and substantial basis for finding probable cause. See George,45 Ohio St.3d at 330. As a result, we find Defendant's argument to be meritless.
 {¶ 29} Second, Defendant asserts that the search warrant was invalid because the contents of the affidavit and the warrant were insufficient to justify a night time search. Unlike the de novo standard from above, a magistrate's decision to authorize a night time search is reviewed for an abuse of discretion. State v. Heaton (Feb. 4, 1987), 9th Dist. Nos. 4069 4070, at 3-4, citing State v. Marko (1973), 36 Ohio App.2d 114, andState v. Eichhorn (1975), 47 Ohio App.2d 227. As we have already set forth the facets of an abuse of discretion standard of review, we will proceed to our analysis of the night time search.
 {¶ 30} The warrant states: "Based upon the affidavit(s) a night time search is authorized." The affidavit states, in pertinent part:
"10. Affiant requests authority for a night time search for the reasons that members of the Akron Police Department have witnessed frequent short term traffic into and out of the premises in the late night hours and, through affiant's experience and training, individuals involved in illegal drug sales maintain late hours in pursuit of their illicit enterprise."
This Court finds the magistrate had a valid basis for authorizing the nighttime search, such that the decision was not unreasonable, arbitrary or unconscionable. Therefore, we conclude that the magistrate did not abuse her discretion in reaching this decision. Defendant's argument is, again, without merit.
 {¶ 31} Defendant's five assignments of error are overruled, and the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur.