The STATE of Ohio, Appellee,

v.

HERB, Appellant.

[Cite as State v. Herb, 167 Ohio App.3d 333, 2006-Ohio-2412.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008783.

Decided May 17, 2006.

James M. Burge, for appellant.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellee.

---

CARR, Judge.

{¶ 1} Appellant, Susan Herb, appeals the decision of the Lorain County Court of Common Pleas, which denied her motion for a new trial. This court affirms.

## I

{¶ 2} On October 9, 2003, the Lorain County Grand Jury indicted appellant on one count of grand theft, a violation of R.C. 2913.02(A)(1). On May 17, 2005, a jury trial commenced. The jury found that the amount taken by appellant was less than $5,000 and returned a verdict of guilty of theft under R.C. 2913.02(A)(1).

{¶ 3} On June 3, 2005, appellant filed a motion for a new trial pursuant to Crim.R. 33. The matter was transferred to a different judge's docket for purposes of ruling on appellant's motion. The trial court denied appellant's

motion for a new trial. Appellant timely appealed the denial of her motion, setting forth one assignment of error for review.

## II

## ASSIGNMENT OF ERROR

The trial court erred, and to the prejudice of appellant, by overruling appellant's motion for new trial, filed pursuant to Crim.R. 33(A)(2) and grounded upon the joint misconduct of a juror and the court bailiff, when the only evidence offered by the state to rebut the sworn testimony of the reporting juror was the bailiff's self-serving testimony denying the misconduct.

{¶ 4} In her sole assignment of error, appellant argues that the trial court erred by not granting her motion for a new trial. Appellant contends that one of the jurors changed his vote from not guilty to guilty because of inappropriate comments made by the bailiff during the lunch recess. Appellant argues that the conversation that took place between the bailiff and the juror rises to the level of prejudicial misconduct and that the trial court should have granted her motion for a new trial. This court disagrees.

{¶ 5} The state argues that appellant was required to present independent, corroborative evidence of the alleged misconduct separate and apart from the testimony of juror Harold Garfield pursuant to the aliunde rule as stated in Evid.R. 606(B). However, the aliunde rule is not applicable when an officer of the court is involved in any irregularity, impropriety, or gross misconduct. See *State v. Spurlock* (Sept. 29, 2000), 2d Dist. No. 17954, 2000 WL 1433936. See, also, *State v. Adams* (1943), 141 Ohio St. 423, 25 O.O. 570, 48 N.E.2d 861. Further, the state did not raise the issue of Garfield's competency to testify in the proceedings in the trial court. Therefore, the state has waived the right to raise this issue on appeal. See *State v. Thymes,* 9th Dist. No. 22480, 2005-Ohio-5505, 2005 WL 2659942, at ¶ 21, citing *Holman v. Grandview Hosp. & Med. Ctr.* (1987), 37 Ohio App.3d 151, 157, 524 N.E.2d 903.

{¶ 6} A trial court's ruling on a motion for a new trial under Crim.R. 33 will be reversed only for an abuse of discretion. *State v. Haddix* (1994), 93 Ohio App.3d 470, 480, 638 N.E.2d 1096. The essential inquiry is whether the substantial rights of the accused are adversely or materially affected. Crim.R. 33(A). A defendant may move for a new trial under Crim.R. 33(A) upon a showing of one of six grounds, including irregularity in the proceedings and juror misconduct. Crim.R. 33(A)(1) and (2). Appellant argues that the alleged conversation between Garfield and Jon Andrews, the bailiff, constituted an irregularity in the proceedings and led to juror misconduct. The analysis of a case involving alleged

juror misconduct requires a two-step inquiry. *State v. Taylor* (1991), 73 Ohio App.3d 827, 833, 598 N.E.2d 818. First, it must be determined whether juror misconduct actually occurred. Id. Second, if juror misconduct occurred, it must be determined whether the misconduct materially prejudiced the defendant's substantial rights. Id.

{¶ 7} Garfield, who testified on behalf of appellant, stated that he had served as a juror in appellant's criminal trial. He testified that when the jury deliberated, it took a preliminary vote, and he voted not guilty. Garfield further testified that during the lunch break, Andrews commented to him that appellant would most likely get probation. Garfield averred that Andrews's comment was part of the reason that he changed his vote to guilty. Garfield also stated that he was tired and that he did not like the fact that he could not smoke in the jury room. Garfield testified that when he announced that he was changing his vote to guilty, two other jurors also changed their vote to guilty. However, Garfield testified that he did not say anything to the other two jurors except that he was changing his vote. He stated that he did not discuss Andrews's comment with the other two jurors.

{¶ 8} The state called Pamela Bernabale to testify. Bernabale testified that she had also been a juror in appellant's criminal trial and that she had met Garfield while serving on the jury. Bernabale testified that Garfield's decision to change his vote from not guilty to guilty had nothing to do with her decision to change her vote to guilty. When questioned regarding any comments made by Andrews, Bernabale stated that she did not hear Andrews make any comments as to the sentence that appellant might receive before the verdict was read in open court. Bernabale stated that Andrews commented in the jury room after the verdict was read that appellant would probably get probation. Bernabale testified that Andrews definitely made this comment after the verdict had been read. Furthermore, Bernabale testified that she changed her vote from not guilty to guilty solely on the basis of the evidence presented.

{¶ 9} The state also called Gertrude Gross as a witness. Gross testified that she had also served on the jury in appellant's criminal trial. Gross stated that she did not hear Andrews make any comments regarding what possible sentence appellant might receive if she were convicted. Gross further testified that Garfield did not make any comments in the jury room prior to the final vote being taken regarding the appellant's receiving probation if she were convicted. Gross also stated that she did not change her vote from not guilty to guilty based upon anything that Garfield said or did. Gross testified that Andrews did comment as to appellant's probable sentence after the verdict was read in open court.

{¶ 10} Andrews also testified at the hearing regarding appellant's motion for a new trial. As stated previously, Andrews was the bailiff during appellant's criminal trial. He testified that he did not have any communication with Garfield concerning any possible sentence that appellant might receive. Andrews stated that he told Garfield that there would be no cigarette breaks until the jury was finished.[1] Andrews further testified that after the verdict had been read in open court, he did comment that appellant would probably get probation because it was her first offense.

{¶ 11} After reviewing the record, this court cannot conclude that the trial court abused its discretion in denying appellant's motion for a new trial. Although the comment made by Andrews regarding appellant's possible sentence was inappropriate, appellant has failed to prove that her substantial rights were adversely or materially affected. Crim.R. 33(A). Furthermore, appellant has failed to prove juror misconduct. Garfield testified that he did not discuss the alleged conversation between himself and Andrews with the other jurors. This court recognizes that some of the testimony at the hearing could be viewed as contradictory or in conflict with other testimony, but the trial court was in the best position to evaluate the credibility of witnesses and to give proper weight to their testimony. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The trial court found that Andrews made the remarks regarding appellant's possible sentence after the verdict had been announced in open court. Based upon the testimony of the other jurors, the trial court found that the jury was not influenced by Andrews's remarks. The fact that the trial court found Garfield's recollection of when Andrews made the remarks less than credible does not warrant reversal. See id. Consequently, appellant's assignment of error is overruled.

### III

{¶ 12} The decision of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE, P.J., and BOYLE, J., concur.

---

1. While this court is troubled by Andrews's statement, appellant's motion for a new trial does not raise this as error. Consequently, this court will not address Andrews's comments regarding a smoke break.