[Cite as *State v. Richardson*, 2017-Ohio-8138.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

     Appellee

     v.

DEMETRIUS RICHARDSON, JR.

     Appellant

C.A. No.     16CA011003

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     15CR091861

DECISION AND JOURNAL ENTRY

Dated: October 10, 2017

---

CARR, Judge.

{¶1}  Defendant-Appellant, Demetrius Richardson, appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion for a new trial.  This Court affirms.

I.

{¶2}  Richardson was arrested for having vaginal intercourse with a twelve-year old girl, and a grand jury indicted him on one count of rape, in violation of R.C. 2907.02(A)(1)(b).  At trial, he conceded that he had sex with the girl, but testified that a number of factors led him to believe she was over the age of eighteen.  A jury found him guilty of rape and further found that the victim was under the age of thirteen at the time of the offense.

{¶3}  Before sentencing could occur, Richardson filed a motion for a new trial on the basis of juror misconduct.  The State opposed his motion, and the court set the matter for a hearing.  The hearing took place directly before the court sentenced him.  After listening to arguments from both sides, the court concluded that Richardson had failed to support his claim

of misconduct with any evidence aliunde. Thus, it denied his motion. The court sentenced him to life in prison with parole eligibility after ten years and classified him as a tier III sex offender.

{¶4} Richardson now appeals from the court's denial of his motion for new trial and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A
FULL HEARING REGARDING RICHARDSON'S MOTION FOR A NEW
TRIAL.

{¶5} In his sole assignment of error, Richardson argues that the trial court abused its discretion when it denied his motion for a new trial in the absence of a full evidentiary hearing. We disagree.

{¶6} A defendant may move for a new trial on the basis of juror misconduct if the misconduct materially affected his substantial rights. Crim.R. 33(A)(2). "By its terms, Crim.R. 33 does not require a hearing on a motion for a new trial, and this Court has consistently held that the decision to conduct a hearing is one that is entrusted to the discretion of the trial court." *State v. Jalowiec*, 9th Dist. Lorain No. 14CA010548, 2015-Ohio-5042, ¶ 20. Likewise, a trial court's ultimate decision to grant or deny a motion for new trial is one this Court reviews for an abuse of discretion. *State v. Holmes*, 9th Dist. Lorain No. 05CA008711, 2006-Ohio-1310, ¶ 8. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} "The analysis of a case involving alleged juror misconduct requires a two-step inquiry. First, it must be determined whether juror misconduct actually occurred. Second, if juror misconduct occurred, it must be determined whether the misconduct materially prejudiced

the defendant's substantial rights." (Internal citations omitted.) *State v. Herb*, 167 Ohio App.3d 333, 2006-Ohio-2412, ¶ 6 (9th Dist.). As further explained below, "the evidence of the alleged misconduct must come from a 'source other than one of the jurors, who possesses firsthand knowledge of the misconduct.'" (Emphasis omitted.) *State v. Leggett*, 9th Dist. Summit No. 18303, 1997 Ohio App. LEXIS 4752, *15 (Oct. 29, 1997), quoting *State v. Roudebush*, 9th Dist. Wayne No. 96CA0025, 1996 Ohio App. LEXIS 4730, *3 (Oct. 20, 1996).

{¶8} "Juror testimony is generally not admissible to impeach a jury verdict unless there is supporting evidence aliunde." *State v. Penix*, 9th Dist. Summit No. 23699, 2008-Ohio-1051, ¶ 38. Evid.R. 606(B) provides, in relevant part, that

> a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes.

"Thus, in order to permit juror testimony to impeach a verdict, 'a foundation of extraneous, independent evidence must first be established.'" *State v. Kirkby*, 9th Dist. Summit Nos. 27381, 27399, 2015-Ohio-1520, ¶ 11, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 75 (1990). "The purpose of the aliunde rule is to maintain the sanctity of the jury room and the deliberations therein." (Emphasis omitted.) *State v. Hessler*, 90 Ohio St.3d 108, 123 (2000).

{¶9} The trial court held a hearing on Richardson's motion for a new trial, but it was limited to arguments by both sides on their written filings. Richardson argues that the court

ought to have held a full evidentiary hearing. *See, e.g., Jalowiec*, 2015-Ohio-5042, at ¶ 21. He asserts that a full hearing was necessary to "adequately explore * * * the possibility of juror misconduct" and "the potential for prejudice." According to Richardson, the evidence he appended to his motion warranted a full hearing.

{¶10} Initially, we note that Richardson never requested a hearing in his motion for a new trial or objected to the limited hearing that the court conducted of its own accord. "It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected." *State v. Mills*, 9th Dist. Summit No. 21751, 2004-Ohio-1750, ¶ 4. In general, "an appellate court will not consider any error which counsel * * * could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. *Accord State v. Ross*, 9th Dist. Summit No. 26694, 2014-Ohio-2867, ¶ 48. Richardson has not explained why his failure to object to the court's abbreviated hearing did not result in a forfeiture. *See, e.g., State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 27. Nor has he attempted to argue plain error on appeal. *See State v. Johnson*, 9th Dist. Summit No. 27813, 2016-Ohio-8286, ¶ 14 (appellate court will not sua sponte construct claim of plain error). Even assuming that his argument is properly before us, however, the record reflects that the court acted within its discretion when it held a limited hearing.

{¶11} Richardson supported his motion for a new trial with three items: (1) an affidavit from one of his jurors, (2) a four page narrative that he described as a blog post written by that same juror; and (3) a printout of an internet search history that he claimed belonged to that juror. In her affidavit, the juror averred that she took part in an anonymous poll after deliberations began and initially voted not guilty. When she went home that evening, she decided to "look[]

up the Rape statute, 2907.02" and research age of consent laws in Ohio. From her research, she learned there was "a sliding scale of accountability" in Ohio depending on the age of the victim. She averred that her discovery of the accountability scale "made it easier for [her] to vote guilty." On a different note, she also averred that the jury foreman had claimed to have additional knowledge about the victim, garnered from an outside source.

{¶12} Evid.R. 606(B) expressly prohibits a trial court from considering a juror's affidavit if it is premised upon matters about which the juror would otherwise be precluded from testifying under the rule. "[B]efore a juror may testify as to his [or her] own verdict, a foundation for that testimony must be acquired by the court, other than by testimony volunteered by the jurors themselves." *State v. Rogers*, 68 Ohio App.3d 4, 8 (9th Dist.1990). Richardson argues that he established a foundation for the court's consideration of his juror's affidavit because he presented the court with the juror's blog post and internet search history, both of which show that she conducted independent research. He relies on the Ohio Supreme Court's decisions in *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, and *State v. Kehn*, 50 Ohio St.2d 11 (1977).

{¶13} In *Gunnell*, the Supreme Court held that "when a trial court learns of possible improprieties that might affect the impartiality of a juror, the court has a duty to hold a hearing to determine whether any bias has been introduced into the jury room." *Gunnell* at ¶ 36. Yet, *Gunnell's* procedural posture differs from this case because, in *Gunnell*, the misconduct was discovered during the deliberations process. *See id.* at ¶ 8-10. The court halted deliberations, questioned the juror, and ultimately declared a mistrial. *See id.* at ¶ 14-15. On appeal, the issue was whether the court had conducted an adequate examination before declaring the mistrial. *See*

*id.* at ¶ 36-40. Thus, the misconduct at issue did not arise post-verdict, and the evidence aliunde rule did not apply. *See* Evid.R. 606(B) (pertaining to inquiries into the validity of a verdict).

**{¶14}** In *Kehn*, a trial court received a letter and a notebook from a jury foreman ten days after the jury had returned a guilty verdict. *Kehn* at 14. The notebook had been circulated amongst the jurors during deliberations and contained "a digest of testimony; a summary and table of each crime; personal reactions to the testimony; legal concepts, a mixture of the court's and [the foreman's]; and philosophical statements by St. Thomas Aquinas." *Id.* Moreover, some of the legal concepts included within the notebook were incorrect. *Id.* at 18. In considering the evidence aliunde rule, the Supreme Court held that the trial court could consider the juror's notebook as outside evidence because the extremely detailed notes it contained "constitute[d] more than a juror's admission or testimony as to possible misconduct." *Id.* Thus, the court went on to consider whether there was evidence that the notes had prejudiced the defendant's substantial rights. *Id.* at 19.

**{¶15}** The two items Richardson appended to his motion for new trial are distinctly different than the detailed notes and accompanying letter described in *Kehn*. The first item was a four page narrative that Richardson described as a blog post authored by the juror at issue. Yet, the narrative is unsigned, does not mention its author by name, and bears no indication that it was ever actually posted in any format. In her affidavit, the juror never mentioned having authored a blog post and did not incorporate the narrative by reference. Moreover, even if she had incorporated it by reference, the narrative still would not have come from a "'source *other than one of the jurors * * *.'"* (Emphasis sic.) *Leggett*, 1997 Ohio App. LEXIS 4752, at *15, quoting *Roudebush*, 1996 Ohio App. LEXIS 4730, at *3. Thus, the narrative did not constitute competent evidence of juror misconduct.

{¶16} The second item Richardson appended to his motion was a printout of a website history. Much like the narrative, the juror failed to incorporate the printout in her affidavit. The printout itself is simply a one-page picture of an unidentified individual's search history. The history does contain two line item searches for the legal age of consent in Ohio, but the searches themselves are undated. The only date that appears on the printout is June 30, 2016. Yet, the jury reached its verdict eight days earlier. Richardson made no attempt to present any additional evidence, linking the website history directly to the juror or establishing that the searches were performed before the jury reached its verdict.

{¶17} Upon review, this Court must conclude that Richardson failed to set forth a foundation of "'extraneous, independent evidence'" in support of his claim of juror misconduct. *Kirkby*, 2015-Ohio-1520, at ¶ 11, quoting *Schiebel*, 55 Ohio St.3d at 75. Without that foundation, the trial court could not consider the affidavit of the juror who was attempting to impeach the jury's verdict. *See Rogers*, 68 Ohio App.3d at 8. Because Richardson failed to set forth competent evidence of juror misconduct, did not ask for a full evidentiary hearing, and did not object when the court conducted a limited hearing, we must conclude the trial court acted reasonably when it only conducted a limited hearing. *See Jalowiec*, 2015-Ohio-5042, at ¶ 20. Richardson's sole assignment of error is overruled.

### III.

{¶18} Richardson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

NICHOLAS J. HANEK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.