[Cite as *State v. Nian*, 2022-Ohio-3639.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAA 01 0003 |
| ABULAY NIAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  14 CR I 11 0522


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 11, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL                       BRIAN A. MORRIS
PROSECUTING ATTORNEY                      TAFT STETTINIUS & HOLLISTER LLP
MARK C. SLEEPER                           425 Walnut Street, Suite 1800
ASSISTANT PROSECUTOR                      Cincinnati, Ohio  45202
145 North Union Street, 3rd Floor
Delaware, Ohio  43015                     DAVID C. ROPER
                                          TAFT STETTINIUS & HOLLISTER LLP
                                          65 East State Street, Suite 1000
                                          Columbus, Ohio  43215

*Wise, John, J.*

{¶1}    Appellant Abulay Nian appeals the judgment of the Delaware County Court of Common Pleas denying the motion for a new trial. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On November 21, 2014, Appellant was indicted for two counts of Rape in violation of R.C. §2907.02(A)(2).

{¶3}    On April 9, 2015, Appellant was found guilty of the charges by a jury.

{¶4}    On May 13, 2015, Appellant filed a Motion for New Trial based upon jury misconduct. Along with the Motion, Appellant filed an affidavit from a juror ("complaining juror") alleging another juror disclosed facts not in the record, specifically, that Appellant was from Sierra Leone, and that he had prior criminal convictions, which were supposedly obtained from a newspaper article. Appellee opposed the motion.

{¶5}    On June 3, 2015, the trial court denied the motion.

{¶6}    On June 16, 2015, the trial court sentenced Appellant to a term of five years in prison and determined Appellant was a Tier III sex offender.

{¶7}    Appellant timely appealed the trial court's decision. This Court affirmed the trial court. The Supreme Court of Ohio declined to exercise jurisdiction.

{¶8}    On April 13, 2017, Appellant filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio. The District Court held his claim was without merit.

{¶9}    On April 19, 2021, the Sixth Circuit Court of Appeals for the United States of America held the trial court committed constitutional error and remanded the matter

back to the trial court to conduct a *Remmer* hearing regarding the alleged jury misconduct. *Nian v. Warden, N. Cent. Correctional Institution*, 994 F.3d 746.

{¶10} On September 13, 2021, the trial court held a *Remmer* hearing. At the hearing, the complaining juror testified that one juror kept repeating that Appellant had prior convictions from another state. The complaining juror claimed this made her finally relent and change her vote to guilty. She claimed when the verdict was read, she was crying hysterically because she was worried what would happen to Appellant.

{¶11} The complaining juror continued that she thought she was being followed from the parking lot to her house, and someone might shoot her. She said she did not sleep for three days after the trial. The complaining juror then read newspaper articles from the case. She quit her job and became frustrated with her church when they said they could not help her. The complaining juror saw a psychiatrist after the trial, and at this point contacted Appellant's counsel. The complaining juror said her jury service was a traumatic experience for her.

{¶12} The complaining juror had written two letters to the trial court judge. In these letters, the complaining juror disclosed that she learned about Appellant's prior criminal convictions when she read an article in the newspaper after the trial, not from another juror. She said her letter must have been wrong. In her second letter, the juror suggested that Appellant and his rape victim should be placed in a room together so they could listen and dance to Michael Jackson songs. The complaining juror said in hindsight this was an inappropriate course of action and illustrates the difficult time she was having with the verdict.

**{¶13}** Two other jurors testified during the *Remmer* hearing. The first juror said that he recalls no mention of nationality or prior convictions during the deliberations. The jury went through the evidence presented methodically, and the complaining juror was struggling with the idea of sending someone to prison. The second juror also did not remember any discussions regarding the nationality of Appellant or his prior convictions during deliberations. This juror testified that the complaining juror said she had a difficult time convicting because she was worried about the negative impact a conviction would have on Appellant's future.

**{¶14}** On December 13, 2021, the trial court denied Appellant's Motion for New Trial. The trial court found the complaining juror not to be credible, and that the testimony of the other two jurors was credible.

## ASSIGNMENTS OF ERROR

**{¶15}** Appellant filed a timely notice of appeal. Appellant's brief did not contain specified assignments of error, but described two:

**{¶16}** I. THE TRIAL COURT ERRED BY ADMITTING THE COMPLAINING JUROR'S LETTERS TO THE JUDGE INTO EVIDENCE.

**{¶17}** II. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING APPELLANT'S PRIOR RECORD WAS NOT DISCUSSED DURING DELIBERATIONS.

### I.

**{¶18}** In Appellant's first Assignment of Error, Appellant argues the trial court erred in admitting two letters the complaining juror sent to the trial court judge. We disagree.

**{¶19}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in

line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶20} Evid.R. 613(B) states:

**(B) Extrinsic Evidence of Prior Inconsistent Statement of Witness.** Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:

(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;

(2) The subject matter of the statement is one of the following:

(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;

(b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), or 616(B);

(c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence.

{¶21} In the case *sub judice*, on cross-examination the trial court admitted the complaining juror's first letter to the court as extrinsic evidence of a prior inconsistent statement. This letter refuted the timeline of when the complaining juror learned of Appellant's prior criminal convictions and how the complaining juror learned of Appellant's prior record. While on direct examination, the complaining juror stated she learned of Appellant's prior convictions from a fellow juror during deliberations. However, in her own letter addressed to the trial court judge, the complaining juror says she learned of his prior convictions from reading a newspaper article after the trial. The complaining juror was given an opportunity to explain the statement or deny it, and the manner in which and when she learned of Appellant's prior convictions is a fact of consequence other than one of her credibility. The first letter was properly admitted into evidence under Evid.R. 613(B).

{¶22} Evid.R. 616, in pertinent part, states:

> In addition to other methods, a witness may be impeached by any of the following methods:
>
> …
>
> **(B) Sensory or Mental Defect.** A defect of capacity, ability, or opportunity to observe, remember, or relate may be shown to impeach the witness either by examination of the witness or by extrinsic evidence.

{¶23} In the case *sub judice*, on cross-examination the trial court admitted the complaining juror's second letter to the court as extrinsic evidence of her mental state at the time she contacted trial counsel to allege juror misconduct. In her second letter, the complaining juror suggested placing Appellant and his rape victim in a room to listen and dance to Michael Jackson songs. On cross-examination, Appellant agreed this

suggestion was inappropriate and an illustration of mental issues she was dealing with at that time. As such the second letter was appropriately admitted under Evid.R. 616. Therefore, the trial court did not abuse its discretion in admitting the complaining juror's letters into evidence.

{¶24} Accordingly, Appellant's first Assignment of Error is overruled.

**II.**

{¶25} In Appellant's second Assignment of Error, Appellant argues the trial court abused its discretion in finding Appellant's prior convictions were discussed during deliberations. We disagree.

{¶26} Crim.R. 33 governs motions for new trials. A motion for a new trial is addressed to the sound discretion of the trial court, and may not be overturned absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 75, 564 N.E.2d 54 (1990). Again, an abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶27} Appellant filed a Motion for a New Trial pursuant to Crim.R. 33(A)(2), namely, "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state." Crim.R. 33(A)(2). Appellate review of a case alleging misconduct under Crim.R. 33(A)(2) requires a two-step inquiry. *State v. Herb*, 9th Dist. Lorain No. 05CA008783, 167 Ohio App.3d 333, 855 N.E.2d 115, 2006-Ohio-2412, ¶6. "First, it must be determined whether * * * misconduct actually occurred." *Id.* "Second, if * * * misconduct actually occurred, it must be determined whether the misconduct materially prejudiced the defendant's substantial rights." *Id.*

**{¶28}** Regarding the first step of the inquiry, Appellant argues the jury heard of Appellant's prior convictions during deliberations prejudicing Appellant's substantial right to a fair trial. The State argues that no such information was disclosed during the deliberations.

**{¶29}** Appellant presented evidence of testimony by the complaining juror. On direct examination, the complaining juror said another juror repeatedly said Appellant had prior convictions in another State, and that this information caused the complaining juror to find Appellant guilty of the indictment.

**{¶30}** The State, on cross-examination, provided a letter written by the complaining juror to the trial court judge stating she read a newspaper article after the trial, and in the article, it discussed Appellant's prior convictions. The complaining juror acknowledged in the letter that this was the first time she had ever heard of these prior convictions.

**{¶31}** The State also called two other jurors to testify. Both of these jurors stated they found Appellant guilty because of the evidence presented at trial, and that they had no recollection of any mention of Appellant's prior convictions during deliberations. The trial court found the complaining juror's testimony not to be credible, and her colleagues' testimony to be credible.

**{¶32}** Upon review of the entire record, the trial court did not abuse its discretion in finding the complaining juror's testimony not be credible, and that of her colleagues to be credible and holding no jury misconduct occurred.

**{¶33}** Accordingly, Appellant's second Assignment of Error is overruled.

**{¶34}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Baldwin, J., concur.

JWW/br 1006