[Cite as *State v. Leavell*, 2016-Ohio-5275.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

      Appellee

v.

Douglas Leavell

      Appellant

Court of Appeals Nos. E-15-030
E-15-031

Trial Court Nos. 2013-CR-344
2014-CR-389

**DECISION AND JUDGMENT**

Decided: August 5, 2016

* * * * *

Dean Holman, Special Prosecuting Attorney, and Matthew A.
Kern, Assistant Special Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**YARBROUGH, J.**

{¶ 1} Appellant, Douglas Leavell, appeals his conviction in the Erie County Court

of Common Pleas following his plea of no contest to five counts of trafficking in heroin

in violation of R.C. 2925.03(A)(1) and (C)(6)(b), felonies of the fourth degree, two

counts of trafficking in heroin in violation of R.C. 2925.03(A)(1) and (C)(6)(a), felonies

of the fifth degree, one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree, one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree, and one count of having a weapon under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} This matter concerns the validity of a search warrant that was executed at appellant's residence located at 126 W. Parish Street, Sandusky, Ohio. The following assertions are contained in the affidavit in support of the search warrant, which was admitted into evidence during the trial court's April 16, 2015 hearing on appellant's motion to suppress.

{¶ 3} Detective Adam West of the Sandusky Police Department filed the affidavit in support of the application for a search warrant. In his affidavit, West stated that he met with a confidential informant ("CI1") who had information that he or she could purchase heroin from appellant. West described CI1 as reliable, having been involved in over 15 controlled drug buys. West arranged for CI1 to purchase heroin from appellant on October 18, 2013, November 15, 2013, and February 27, 2014, all from appellant's address at 1700 S. Forest Drive, Sandusky, Ohio. Each of the controlled buys were successfully completed.

{¶ 4} West also stated in his affidavit that he met with a second confidential informant ("CI2") who stated that he or she could purchase heroin from appellant. West

2.

stated that CI2 had been involved in three prior controlled drug buys with his agency. CI2 executed three separate controlled buys of heroin from appellant on April 28, 2014, May 1, 2014, and May 13, 2014. West stated in regards to the April 28, 2014, and May 13, 2014 controlled buys that an officer observed appellant return to his residence at 126 W. Parish Street, Sandusky, Ohio once the deals were complete.

{¶ 5} Finally, West testified in his affidavit that a third confidential informant ("CI3") offered that he or she could purchase heroin from appellant. West stated that CI3 had not been tested since he or she had not previously conducted a controlled buy with the Sandusky Police Department. Nevertheless, a controlled buy was executed, during which West observed appellant leave his residence at 126 W. Parish Street on foot, walk to the site of the transaction, and complete the sale. A different officer observed appellant return to his residence on foot after the transaction.

{¶ 6} Following the suppression hearing, the trial court denied appellant's motion to suppress. Appellant subsequently entered into an agreement to plead no contest to the crimes above. The trial court accepted the agreement, found appellant guilty, and sentenced him to the agreed upon term of 59 months in prison.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed his conviction, and now asserts one assignment of error for our review:

1. The trial court erred when it denied appellant's motion to suppress the evidence when it found the search warrant to be valid.

3.

**III. Analysis**

**{¶ 8}** Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citations omitted.) *Id.*

**{¶ 9}** This matter calls us to review the sufficiency of West's affidavit to establish probable cause in support of the search warrant issued by a judge of the Sandusky Municipal Court. In articulating the applicable legal standard, the Ohio Supreme Court has explained that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus.

> [T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great

deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Id.* at paragraph two of the syllabus.

{¶ 10} In his appellate brief, appellant presents three arguments in furtherance of his conclusion that West's affidavit was insufficient to demonstrate probable cause.

{¶ 11} First, appellant contends that the information in the affidavit was stale. *See State v. Young*, 6th Dist. Erie No. E-13-011, 2015-Ohio-398, ¶ 46 ("Probable cause must be determined as of the date the warrant is requested, thus the facts presented must be relatively close in time to the date of the affidavit to be of value in making the probable cause determination."). As support, appellant cites the reference to a conviction from 2003 and also the information relative to CI1, which was from several months before when the warrant was issued, and which pertained to a different address. Appellant further points out that a search at the previous address based on the information from CI1 did not lead to the discovery of any contraband.

{¶ 12} We find appellant's first argument to be without merit. Although the controlled drug buys performed by CI1 may have occurred several months prior to the application for the warrant, appellant fails to acknowledge the drug buys performed by CI2 and CI3, two of which occurred on the day that West applied for the warrant. Thus, we cannot conclude that the warrant was issued on stale information.

{¶ 13} Appellant next asserts that the affidavit contained insufficient information regarding the credibility and reliability of any of the confidential informants. Appellant

5.

argues that CI3 and CI2 have not been sufficiently tested and proven reliable, and that while CI1 has performed numerous controlled buys in the past, the previous warrant based on the information from CI1 did not lead to the discovery of any contraband, and thus CI1 is not reliable. Moreover, appellant argues that the affidavit contains no information as to how the confidential informants knew appellant or knew that they could purchase drugs from appellant.

{¶ 14} We find appellant's arguments concerning the reliability of the confidential informants to be misplaced. Appellant recognizes that a magistrate may rely on the hearsay statements of a confidential informant "only if there is a substantial basis for crediting the statements." *Young*, 6th Dist. Erie No. E-13-011, 2015-Ohio-398, at ¶ 47. "[T]hat substantial basis must include (1) information about the facts upon which the informant based his allegations of criminal activity, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable." *Id.*, quoting *State v. Gill*, 49 Ohio St.2d 177, 179, 360 N.E.2d 693 (1977). However, in this case, the magistrate is not relying on hearsay statements from the confidential informants, but instead is relying on West's personal observation of the informants' purchase of drugs from appellant. Thus, neither the credibility of the informants nor the manner in which they came to know that they could purchase drugs from appellant is pertinent when the affiant orchestrated and observed the controlled drug buys.

6.

**{¶ 15}** Finally, appellant argues that there is nothing in the affidavit linking any illegal activity to the residence at 126 W. Parish Street. Appellant, however, again ignores statements in the affidavit that on three separate occasions, including the two that occurred on the date the warrant was issued, appellant was observed leaving the residence to go to the drug sale, returning to the residence after the drug sale, or both. Thus, there is sufficient information in the affidavit to conclude that a fair probability existed that contraband or evidence of a crime would be found at 126 W. Parish Street.

**{¶ 16}** Therefore, because the affidavit provided a substantial basis for the magistrate to conclude that probable cause existed to issue the warrant, we hold that the trial court did not err when it denied appellant's motion to suppress.

**{¶ 17}** Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

**{¶ 18}** For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____
            JUDGE

Thomas J. Osowik, J.

            _____
Stephen A. Yarbrough, J.    JUDGE
CONCUR.

            _____
            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.