[Cite as *State v. Leavell*, **2018-Ohio-775.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                                Court of Appeals Nos. E-17-015

        Appellee                                                  Trial Court Nos.  2013-CR-0344

v.

Douglas Leavell                                                      **DECISION AND JUDGMENT**

        Appellant                                                Decided:  March 2, 2018

* * * * *

James Joel Sitterly, Special Prosecuting Attorney, for appellee.

Douglas Leavell, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Douglas Leavell, has commenced this pro se appeal

challenging the March 2, 2017 judgment of the Erie County Court of Common Pleas

which denied appellant's motions to vacate and dismiss his various convictions. Because we find that appellant waived any issues regarding the institution and manner of prosecution, we affirm.

{¶ 2} On October 9, 2013, appellant was indicted in this case on possession of cocaine, assault, and criminal damaging. The indictment was signed by a special prosecutor. Appellant entered a no contest plea and was sentenced on this case and a related case, case No. 2014-CR-389, in which he was convicted of several drug offenses, including trafficking in heroin and possession. His conviction was affirmed by this court in *State v. Leavell*, 6th Dist. Erie Nos. E-15-030, E-15-031, 2016-Ohio-5275.

{¶ 3} On October 3, 2016, appellant filed a motion to "set aside convictions" pursuant to R.C. 305.14(A).[1] Appellant argued that the record did not contain any record of the special prosecutor being appointed by the court. On November 16, 2016, appellant filed an additional motion to vacate his convictions arguing that because the special prosecutor was not appointed in accordance with the law, the court lacked subject matter jurisdiction and his subsequent convictions were void.

{¶ 4} The state filed its response on February 10, 2017. The state first argued that the claims were for postconviction relief and were time-barred under R.C. 2953.23(A)(2). The state further claimed that the arguments were barred by the doctrine of res judicata as

---

[1] Appellant's reliance on this section dealing with the appointment of counsel to represent a board of county commissioners' board member or officer was misplaced.

2.

they should have been raised either in the trial court or on direct appeal. Finally, the state argued that appellant failed to claim any constitutional error; i.e., that the error affected the outcome of the case.

{¶ 5} On March 2, 2017, the trial court agreed with the state that the postconviction relief motions were untimely and that they were barred by res judicata. This appeal followed with appellant raising two assignments of error for our review:

> Assignment of Error No. I. The trial court errored [sic] in allowing the Erie County Prosecutor to go outside his authority and jurisdiction to appoint his colleague special prosecutor on several occasions.

> Assignment of Error No. II. The trial court errored [sic] by making the ruling of res judicata and construing this matter as a petition for post-conviction relief.

{¶ 6} In appellant's first assignment of error he argues that the trial court erred by allowing the Erie County Prosecutor's office to appoint a special prosecutor without petitioning the court as required under R.C. 2941.63. This, appellant argues, divested the trial court from jurisdiction over the case and his conviction is void. The state does not dispute that proper procedures may not have been followed; rather, the state makes three arguments: that the postconviction relief motion was time-barred under R.C. 2953.21, that it was barred by res judicata, and that because the errors claimed in the motions were not raised on direct appeal they were waived.

3.

{¶ 7} "[S]ubject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived of forfeited and may be raised at any time." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. A common pleas court has original jurisdiction in felony cases, and its jurisdiction is invoked by the return of an indictment. *State v. Richardson*, 2d Dist. Montgomery No. 20537, 2005-Ohio-2865, ¶ 3, citing *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962); R.C. 2931.03.

{¶ 8} Where an "unauthorized person" conducted grand jury proceedings and an indictment was returned, the Fourth Appellate District, relying on Crim.R. 12(C) (2), concluded that although the failure to properly appoint the individual was error, the defendant's failure to timely object waived all but plain error. *State v. Owens*, 4th Dist. Gallia No. 14CA9, 2016-Ohio-176, ¶ 31. The court rejected the appellant's claim that the error was "structural" and required an automatic reversal. *Id.* at ¶ 34. Instead, the court noted that the manner in which a defendant is charged is statutory and procedural. *Id.*

{¶ 9} The *Owens* court next examined the appellant's argument regarding the fact that several assistant attorneys general appeared as prosecutors in a criminal prosecution without being appointed as "special prosecutors." The court concluded that the appellant's failure to object to the appearance of the assistant attorneys during the trial court proceedings waived all but plain error. *Id.* at ¶ 50. The court then found no plain error where there was no evidence that the error affected his substantial rights. *Id.* at ¶ 51.

4.

{¶ 10} The record reflects that in this case, appellant was prosecuted by an indictment filed in Erie County Common Pleas Court. Thus, we conclude that the court had subject matter jurisdiction over the matter. Further, as stated above, the special prosecutor in this action signed the indictment. Whether he was properly appointed or not, however, did not affect the validity of the grand jury proceedings. *Owens*, *supra*.

{¶ 11} Over several years, appellant was prosecuted by a special prosecutor in this and additional criminal actions. Appellant commenced appeals and failed to raise the issue either in the trial court or on direct appeal. Moreover, appellant fails to demonstrate or even allege that he was prejudiced by the appearance of the special prosecutor. Accordingly, appellant waived his claimed error. Appellant's first assignment of error is not well-taken.

{¶ 12} Appellant's second assignment of error challenges the trial court's classification of appellant's motions as petitions for postconviction relief. What the motions were classified as is immaterial to our determination on appeal. Appellant failed to raise the issue in the trial court or before this court during the course of multiple proceedings; thus, the issue was waived. Appellant's second assignment of error is not well-taken.

{¶ 13} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                             JUDGE

Arlene Singer, J.

                                            _____
Thomas J. Osowik, J.                                         JUDGE
CONCUR.

                                            _____
                                                             JUDGE