[Cite as *State v. Leavell*, 2018-Ohio-3211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                              Court of Appeals No. E-17-071

      Appellee                                       Trial Court No. 2008-CR-0532

v.

Douglas C. Leavell                                  **DECISION AND JUDGMENT**

      Appellant                                       Decided:  August 10, 2018

* * * * *

James Joel Sitterly, Special Prosecuting Attorney, for appellee.

Douglas Leavell, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Douglas Leavell, appeals from the November 20, 2017 judgment of the Erie County Court of Common Pleas denying his motion to vacate his conviction. For the reasons which follow, we affirm.

{¶ 2} Appellant entered a guilty plea in 2009 to charges of possession of cocaine, R.C. 2925.119(A)(C)(4)(a), and appellee dismissed Count 2 of the indictment alleging charges of bribery, R.C. 2921.02(C). He was sentenced December 11, 2009, to community sanctions for three years. However, on September 18, 2012, the trial court found appellant had violated the terms and conditions of his community control sanction based on his admissions and community control was revoked. The trial court imposed the 12-month term of incarceration and $250 fine previously entered. While the judgment was file-stamped September 18, 2012, it was not journalized until December 27, 2017.

{¶ 3} On November 9, 2016, appellant moved, pro se, to vacate his original convictions in four Erie County Court of Common Pleas case Nos. 2008-CR-0532, 2011-CR-0274 (although he was found not guilty on all counts in this case), 2013-CR-0344, and 2014-CR-0389, on the ground that the convictions were void and must be vacated pursuant to *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10. He asserts the special prosecutor was not properly appointed and the trial court lacked subject-matter jurisdiction to render a valid judgment. The trial court entered its judgment denying appellant's motion, without explanation on November 20, 2017, and appellant appeals.

{¶ 4} We note a similar motion to vacate was filed in Erie County Court of Common Pleas case No. 2014-CR-0389, which was denied on November 1, 2017, and an appeal is currently pending. Appellant also filed in 2016 in Erie County Court of

2.

Common Pleas case No. 2013-CR-0344 a similar motion to vacate seeking to vacate his "last 3 convictions" because of an error in appointing a special prosecutor to handle his prior four cases. The trial court denied the motion, which we affirmed on appeal finding appellant had waived any issues regarding the institution and manner of prosecution. *State v. Leavell*, 6th Dist. Erie No. E-17-015, 2018-Ohio-775.

{¶ 5} Appellant asserts the following single assignment of error:

THE TRIAL COURT ERRED BY ALLOWING THE ERIE COUNTY PROSECUTOR [SIC] GO OUTSIDE HIS JURISDICTION AND APPOINT HIS COLLEAGUE SPECIAL PROSECUTOR ON SEVERAL OCCASIONS.

{¶ 6} Appellant's arguments center on the merits of his motion to vacate rather than the basis for the trial court's dismissal of the motion, which was that the motion was untimely filed and barred by the doctrine of res judicata. We find res judicata barred appellant from raising arguments which could have been asserted on direct appeal. *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17-19; *Leavell* at ¶ 11. Furthermore, even if a petition for postconviction relief was appropriate, it must be filed within 365 days after the trial transcript is filed in the court of appeals in the direct appeal or the time for filing an appeal has expired. R.C. 2953.21(A)(2). Appellant's petition is clearly untimely. Therefore, we find appellant's sole assignment of error not well-taken.

3.

**{¶ 7}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                              JUDGE

Arlene Singer, J.

                                                  _____
James D. Jensen, J.                                  JUDGE
CONCUR.

                                                  _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.